## BETSEY LEE, Administratrix *vs.* EDWARD THORNDIKE, Administrator.

The awards of the commissioners, under the convention of July 4th, 1831, between the United States and France, were conclusive as to the validity and amount of claims upon France for damages and injuries, but were not conclusive as to the conflicting rights of different persons to the fund awarded : And where the commissioners awarded to A. a certain sum for a vessel, &c. sequestrated by France, and A. received the same, it was held that B. might recover of A. one third of that sum, upon proving that A. in fact owned only two thirds of the vessel, &c. and that B. owned the other third.

Papers annexed to a deposition were certified by the secretary of state to be "true copies of the papers and extracts in the case of" a certain vessel, "on file in the department." One of the papers was an extract from the proceedings of the imperial court of prizes, sequestrating the vessel ; and another was an extract from a policy of insurance on the vessel. *Held,* that the papers were admissible in evidence ; as it must be taken by the court that the copies thus certified were copies of all that was on file in the department, and not abstracts made by the secretary.

One of the commissioners under the convention with France annexed to his deposition, which was taken on interrogatories at the request of a plaintiff, an exemplification from the department of state of the papers that were before the board of commissioners in the case of a certain vessel, and deposed that he had examined the papers in said department, and that those which were annexed were all the papers that were before said board in that case. *Held,* that the deposition was admissible as evidence, although the defendant did not know that said papers were to be annexed, and therefore had no opportunity to cross-examine the deponent concerning them.

ASSUMPSIT on the money counts, to recover one third part of certain money alleged to have been received by the defendant under an award of the commissioners, appointed pursuant to an act of congress, (*St.* 1832, *c.* 199,) to carry into effect the treaty of July 4th, 1831, between the United States and France. The plaintiff alleged that the said commissioners, in making their award in the case of the schooner Two Friends, had by mistake awarded the entire amount, allowed for the said schooner and the freight thereof, to the defendant, as administrator of Henry

Thorndike, and that the defendant had received the same whereas one third of the said amount should have been awarded to the plaintiff, as administratrix of Larkin T. Lee.

At the trial before *Putnam*, J. the defendant objected to the admission of any evidence to contradict the said award, or to show that a mistake was made in the same, on the ground that the said commissioners were a judicial tribunal, and their award a judicial act, and on matters within their jurisdiction ; and that, being such judicial act, the award could not be impeached collaterally in any other tribunal ; but that, so long as it remained in force, it was conclusive upon all the world. The judge ruled that evidence was admissible to prove that the commissioners, in making their award, committed the mistake alleged by the plaintiff.

The plaintiff then offered as evidence certain documents, exemplified, from the department of state of the United States, to the admission of which the defendant objected, because they did not purport to be complete and perfect copies of *all* the papers in the said department relating to the transaction in question, but only to be true copies and extracts of papers ; that therefore there might have been other papers, contradicting or materially qualifying those produced ; and that extracts of papers were not admissible as evidence. The judge ruled that the documents offered were competent evidence, and admitted them accordingly.

The plaintiff then offered the deposition of J. K. Kane, one of the commissioners, which was objected to by the defendant, on the ground, that before giving his deposition the deponent was furnished, by the plaintiff, with the documents above mentioned, going to enable him to give the same — which was in fact on the part of the plaintiff communicating with the deponent, and contrary to the terms of the commission under which said deposition was taken ; that the defendant had no opportunity to cross-examine the said deponent in reference to the said documents, not knowing that they were to be taken or exhibited to the deponent before or at the time he gave his deposition ; and finally, that the said deposition was given from the documents in

question, and not from the memory of the deponent. The judge ruled that this deposition was admissible as evidence, and it was read to the jury.

The plaintiff then offered the depositions of R. M. Saunders, one of the commissioners, and of Thomas L. Smith, register of the United States treasury, both which were read as evidence.

The defendant offered no evidence, and the jury were instructed to find a verdict for the plaintiff, subject to the opinion of the full court on the questions of law reserved.

If all the above stated rulings were correct, judgment to be rendered on the verdict : If the same, or any of them, were erroneous, the verdict to be set aside and a new trial granted.

*B. Sumner*, for the defendant.

*W. Gray*, for the plaintiff.

PUTNAM, J. By virtue of the United States *St.* 1832, c. 199, to carry into effect the convention of July 4th, 1831, between the United States and France, commissioners were appointed to receive and examine all claims which might be presented under that convention, according to the provisions of the same and the principles of justice, equity and the law of nations. The plaintiff alleged that there was a claim made by Larkin T. Lee, the plaintiff's intestate, and Henry Thorndike, the defendant's intestate, for the seizure and sequestration of the schooner Two Friends, and her freight, one third of which belonged to the said Larkin T. Lee, and the other two thirds to the said Henry Thorndike. And the plaintiff declared that the commissioners, by mistake, awarded the whole to said Henry Thorndike, and that he received it ; whereas they ought to have awarded to the said Larkin T. Lee one third thereof: And this action is brought to recover for the amount, which was thus by mistake recovered by the defendant's intestate.

The plaintiff's claim has been resisted on several grounds. In the first place, it is contended for the defendant, that the proceedings of the commissioners cannot be impeached collaterally, in the manner in which the plaintiff proposes : That they constituted a special tribunal, whose judgments, decrees and awards were conclusive upon the parties who were before them.

This matter was heretofore before this court, in the case of George Law and others, in equity, against the defendant, in 20 Pick. 317, in which it was held, that if the plaintiffs had any remedy, it was by an action for money had and received. But the principles applicable to this case were settled in *Comegys* v. *Vasse*, 1 Pet. 193, where it was held that the decision of the commissioners, " as to the validity and amount " of the claims against *Spain*, for damages and injuries received, should be conclusive and final ; but that it did " not necessarily or naturally follow, that the authority, so delegated to the commissioners, included the authority to adjust all conflicting rights of different citizens to the fund so awarded."

And it was decided that after the commissioners had ascertained the validity and amount of a claim, the rights of the claimant, as between him and others, was to be settled by the judicial tribunals. It was said by Mr. Justice Story, who delivered a clear and satisfactory opinion in that case, that " the validity and amount of the claim being once ascertained by the award of the commissioners, the fund might well be permitted to pass into the hands of any claimant, and his own rights, as well as those of all others who asserted title to the fund, be left to the ordinary course of judicial proceedings in the established courts, where redress could be administered according to the nature and extent of the rights or equities of the parties."

But it is said by the counsel for the defendant, that that case was decided upon the construction of the treaty with Spain ; and that greater powers were conferred upon the commissioners under the treaty with France and the statute of 1832, before cited, than were possessed by the commissioners under the treaty with Spain. It is very true that the provisions in the two cases are not in terms precisely similar. But it has been very recently decided, in a case cited since the argument, that the powers and duties of the commissioners under the treaty of 1831, with France, were *the same* as those which were exercised under the treaty with Spain, and that their award was not conclusive as to the rights of opposing claimants, but only as to the validity and amount of the claim presented for allowance. *Freeval* v. *Bache,* 14 Pet. 95.

In the case at bar, then, the commissioners were to ascertain how much should be recovered by the claimants against France, in the case of the schooner Two Friends, in consequence of her illegal seizure, &c. It might have been that she sailed in the names of Thorndike & Lee, but that they held her in trust and for the benefit of third persons, who had the equitable interest, and who authorized or who prosecuted the claim in the name of the legal owners. If that had been so, it would seem that there could be no doubt that the *cestui que trust* might call on the claimant who had received the fund. And it is very clear, we think, that the decision or award of the commissioners is not conclusive against the plaintiff, under the circumstances of the present case. She may show that her intestate was entitled to one third of the property, any thing in the award to the contrary notwithstanding. And the plaintiff has abundantly proved her case, unless the evidence, admitted for her at the trial, should have been rejected.

The defendant objects that the deposition of J. K. Kane, which was taken upon a commission on interrogatories, should have been rejected, because the deponent annexed thereto certain documents from the department of state of the United States, relating to the case of the schooner Two Friends, without showing the same to the defendant, or giving him or his counsel any opportunity to see the same.

By § 9 of the act of congress of 1832, *c.* 199, before cited, it was provided that the records, documents and all other papers, in the possession of the commission or its officers, should be deposited in the office of the secretary of state ; and it is contended for the defendant, that it does not appear that the papers which were annexed to the deposition contained copies of *all those* which related to the case, in the office of the secretary of state, and that " extracts " made by the secretary are not admissible.

We will consider all these objections together. And the answer, which is suggested from an examination of the depositions in the case, is, that the objections which are raised do not seem to be warranted by the facts that are fairly to be collected from

the depositions.    For example — Mr. Kane testifies that he was one of the commissioners, and he says that the exemplifications from the state department include all the papers which were before the commissioners, in that case.    Those exemplifications are not to be treated as memoranda to which a witness may refer to refresh his memory.    He states a matter of fact, of which he had, or may be presumed from his official character to have had, the means of knowledge.    He says that the exemplifications annexed to the deposition include *all* the papers which were laid before the commissioners in the case of the Two Friends.    And he does not leave the matter to mere presumption, for he says that he had examined the papers in the department of state, in the case of the schooner Two Friends, for the purpose of ascertaining whether or not any error had been committed in the distribution of the allowances between Thorndike and Lee.

But it was contended by the counsel for the defendant, that the objection appears to be supported by the very certificate of Mr. Forsyth, the secretary of state, which is, that " the papers hereunto annexed are true copies and extracts of papers, in the case of the schooner Two Friends, on file in the department ": And so, inasmuch as the secretary is not by law authorized to make and to certify extracts, which might prove one thing, whereas if the whole paper were certified, it would prove another thing, the papers, as certified, were not admissible in evidence.    *Griffith* v. *Evans* and *Griffith* v. *Tunckhouser*, Peters C. C. 166, and 418, were cited to sustain this objection.

Upon examination of the papers, we do not think this objection is sustained in fact.    There is a paper, that is called "an extract" in the certificate, which was from the imperial council of prizes, sequestrating the vessel.    The whole of that paper was copied.    There is no reason to suppose that the secretary of state undertook to make an abstract for the parties.    It was an extract from the great book of condemnations, in the imperial council of prizes, which was originally laid before the commissioners.    And the only other paper annexed, which is marked " extract," is of a policy in the case, from N. P. Russell's

office ; which " extract " we have no reason to think was made by the secretary of state, but was furnished to the commissioners, by the claimants, just as it has been copied and furnished to the court by the secretary of state, and annexed to the deposition. And we think that this is not the making of abstracts or extracts within the meaning of the objection made by the defendant's counsel, and the cases cited by him in support of his objection. The whole paper that was in the department of state, in these two instances, was doubtless only an extract from a larger paper elsewhere.

The whole court are therefore of opinion, that judgment should be rendered for the plaintiff according to the verdict.